**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| GARNET DIGITAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>YAMAHA CORPORATION OF AMERICA,<br><br>Defendant. | CIVIL ACTION NO. 6:13-CV-642<br><br>ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Garnet Digital, LLC ("Garnet") files this original complaint against the above-named defendant, alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## PARTIES

1. Garnet is a limited liability company formed under the laws of the State of Texas, with a principal place of business in Plano, Texas.

2. Defendant Yamaha Corporation of America ("Yamaha") is a California corporation. Yamaha is doing business in the state of Texas but has failed to appoint an agent for service of process in Texas. Accordingly, Yamaha can be served under the Texas Long Arm Statute and/or the Texas Business Organizations Code by serving the Secretary of State. Yamaha's home, home office, and principal office address is 6600 Orangethorpe Ave., Buena Park, CA 90620.

## JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, defendant has transacted business in this district and has committed acts of patent infringement in this district.

5. Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,379,421

6. On January 3, 1995, United States Patent No. 5,379,421 ("the 421 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Interactive Terminal For The Access Of Remote Database Information." On October 10, 1995, a certificate of correction of the 421 patent was duly and legally issued by the Patent Office.

7. Garnet is the owner of the 421 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 421 patent against infringers, and to collect damages for all relevant times.

8. Yamaha, either alone and/or in conjunction with others, including its customers and/or suppliers, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems responsive to output signals from a telephone (including at least the following models: RX-V671, BD-S671BL) that infringed one or more claims of the 421 patent.

9. Garnet has been damaged as a result of the infringing conduct by defendant alleged above. Thus, defendant is liable to Garnet in an amount that adequately compensates Garnet for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Garnet hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Garnet requests that the Court find in its favor and against defendant and that the Court grant Garnet the following relief:

a. Judgment that one or more claims of the 421 patent have been infringed, either literally and/or under the doctrine of equivalents, by defendant;

b. Judgment that defendant accounts for and pays to Garnet all damages to and costs incurred by Garnet because of defendant's infringing activities and other conduct complained of herein;

c. That Garnet be granted pre-judgment and post-judgment interest on the damages caused by defendant's infringing activities and other conduct complained of herein;

d. That this Court declare this an exceptional case and award Garnet its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

e. That Garnet be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: September 9, 2013

Respectfully submitted,

/s/ Matthew J. Antonelli
Matthew J. Antonelli (lead attorney)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Kris Y. Teng
Texas Bar No. 24079443
kris@ahtlawfirm.com
ANTONELLI, HARRINGTON & THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000
(713) 581-3020 fax

*Attorneys for Garnet Digital, LLC*